# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| JOSE ZAMORA, | * |
|     Plaintiff, | * |
| v. | *   Civil Action No.: |
| ENTERPRISE RAC CO. OF MARYLAND, LLC, | * |
|     Defendant. | * |

Serve: ENTERPRISE RAC CO. OF MARYLAND, LLC
    **c/o CT Corporation System**
    4701 Cox Road, Suite 285
    Glen Allen, Virginia 23060

## **COMPLAINT**

COMES NOW Plaintiff JOSE ZAMORA ("Plaintiff" or "Zamora"), by counsel, and files this Complaint against Defendant ENTERPRISE RAC CO. OF MARYLAND, LLC ("Defendant" or "Enterprise") and in support thereof state as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, who is a Spanish-speaking worker with little or no fluency in either spoken or written English, brings this action to require Defendant to pay back wages owed to him, which Defendant failed to pay in violation of §7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, et seq. ("FLSA"). Plaintiff seeks permanent injunctive relief and damages.

2. From August 29, 1997 until December 19, 2019, Plaintiff Zamora was employed by Defendant to wash and "detail" automobiles at Enterprise Rent-A-Car at the Ronald Reagan Washington National Airport in Arlington, Virginia.

3. Defendant employs more than 30 employees to perform these manual car wash and detailing tasks performed by the Plaintiff. Plaintiff routinely worked more than forty (40) hours per week. Defendant failed to pay Plaintiff an overtime premium of one and one-half times his regular rate of pay for his hours worked over 40 in any workweek. In particular, the "regular rate" utilized by Defendant in calculating and paying Plaintiff's overtime did not include his compensation from a non-discretionary, written service agent individual productivity incentive bonus scheme which was based on the number of cars per hour cleaned by Plaintiff and other car wash workers.

4. Defendant's failure to include in its calculation of Plaintiff's "regular rate" of pay amounts paid to Plaintiff under its written, non-discretionary service agent individual productivity incentive program violates the FLSA because when calculating an employee's regular rate for the purpose of paying overtime, all compensation received by the employee in a workweek must be included, including wages, bonuses, commissions, and any other forms of compensation. 29 CFR §778.109.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of Plaintiff's claims pursuant to 29 U.S.C. § 201, *et seq*.; 29 U.S.C. §216, 28 U.S.C. §1331 and 28 U.S.C. §1337(a).

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because the Defendant transacts business in this Commonwealth, Defendant employed Plaintiff in this Commonwealth, and all the actions complained of were conducted within this Commonwealth.

## PARTIES

7. Plaintiff Zamora is a former non-exempt, hourly employee of Defendant who earned, but did not receive, compensation at the rate of one and one-half times his hourly rate of pay as defined by the FLSA for his hours worked over 40 in each workweek.

8. The Plaintiff at all times relevant hereto was an "employee" as that term is defined by 29 U.S.C. §203(e).

9. The Defendant Enterprise is a corporation formed and existing under the laws of the State of Maryland and at all times during Plaintiff's employment, Defendant Enterprise was an employer as defined by 29 U.S.C. §203(d).

10. At all times relevant, Defendant Enterprise has had two (2) or more employees who have regularly handled and worked on goods and/or materials that have been moved in or produced for commerce, such as machines, automobiles, equipment, tools, supplies and cleaners that were transported or produced out-of-state.

11. Based on information and belief, at all relevant times Defendant's annual gross sales volume as defined by the FLSA have been in excess of $500,000 per year.

12. At all times relevant, Defendant was an enterprise engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203(s).

# FACTS

13. Defendant hired the Plaintiff on or about August 29, 1997.

14. Plaintiff provided car wash, automobile "detailing" and general janitorial services at the Enterprise car rental facility at the Ronald Reagan Washington National Airport in Arlington, Virginia on behalf of Defendant.

15. Plaintiff regularly worked more than 40 hours in almost every week he worked during his employment by Defendant.

16. Defendant kept a record of all time worked by Plaintiff. Plaintiff was required to clock in and out daily using an automated time keeping machine.

17. Plaintiff worked a fixed schedule from Monday through Friday from 11:00AM until 10:00PM Defendant paid Plaintiff an hourly rate of $14.95, with an overtime rate of $22.43.

18. In addition to his hourly pay, Plaintiff was entitled to a non-discretionary productivity incentive bonus based on the average of the number of cars he cleaned per hour. The methodology for computation of the incentive bonuses is set forth in written memoranda distributed to Plaintiff and other employees of Defendant who were also entitled to the bonuses. Plaintiff's receipt of bonuses under Defendant's productivity incentive bonus scheme was wholly unrelated to any automobile rentals made by Defendant and was therefore a "piecework" compensation system rather than a "commission" compensation system within the meaning of the FLSA. Defendant calculated Plaintiff's overtime rate based on a regular rate ($14.95 per hour) which did not include productivity incentive bonus amounts paid to him by Defendant pursuant to Defendant's service agent individual productivity incentive scheme.

19. Defendant failed to pay Plaintiff Zamora the his overtime compensation at the rate of one and one-half times his regular rate of pat as required by the FLSA, and the total amount of Plaintiff's unpaid overtime and liquidated damages for the three years preceding the filing of this Complaint is $49,291.07.

## OVERTIME COMPENSATION

20. Defendant routinely and consistently required Plaintiff to work over forty (40) hours per week.
21. The FLSA requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in one work week over forty hours. This is commonly known as the time-and-a-half pay for overtime work.
22. When calculating an employee's regular rate, all compensation received by the employee in a workweek must be included, including wages, bonuses, commissions, and any other forms of compensation. 29 CFR §778.109.
23. Despite working overtime, Plaintiff was not paid time and one-half pay from Defendant for overtime worked.

## WILLFUL VIOLATIONS

24. On information and belief, Defendant has, for the entirety of Plaintiff's employment period, willingly, deliberately and intentionally refused to pay him time and one-half pay for overtime worked.

25. Defendant led the Plaintiff to believe that his overtime pay was paid in conformity with the FLSA.

26. Defendant knew or should have known that the Plaintiff was entitled to overtime compensation based on a "regular rate" computation that included bonuses paid to him under Defendant's non-discretionary written service agent individual productivity incentive program scheme.

27. Defendant willfully, deliberately and intentionally failed to pay the Plaintiff overtime compensation at the rate of one and one-half times his "regular rate" as defined by 29 CFR §778.109.

28. Defendant has never claimed that the FLSA laws do not apply to Plaintiff, or that the Plaintiff is subject to any exemption from these requirements.

29. The Plaintiff is, therefore, owed compensation for time and one-half overtime wages and liquidated damages from Defendant, who willingly and knowingly withheld those wages.

## CAUSE OF ACTION
(Fair Labor Standards Act)

30. The foregoing paragraphs are included herein as though fully set forth herein.

31. Defendant regularly engages in commerce and their employees handle and use goods, which have moved in interstate commerce.

32. At all relevant times, Defendant was an employer within the meaning of the FLSA and is subject to the provisions of the FLSA.

33. Plaintiff at all relevant times was an employee of Defendant, as defined by the FLSA.

34. During the period of time that the Plaintiff was employed by Defendant, Plaintiff performed regular, scheduled overtime work in the approximate amount of twenty (15) hours per week

for which insufficient additional compensation was paid to him by Defendant in violation of the provisions of the FLSA. More specifically, Defendant violated §7 of the FLSA by failing to pay time and one-half overtime wages to the Plaintiff who earned overtime pay.

35. Upon information and belief, the Defendant's pay system was unilaterally imposed upon their employees, including Plaintiff.

36. The Defendant's failure to compensate the named Plaintiff for all compensable hours violates the minimum wage provisions of the FLSA and the regulations thereunder.

37. The Defendant's failure to properly administer a scheme of compensation, including but not limited to appropriately calculated overtime compensation violates the overtime provisions of the FLSA and the regulations thereunder.

38. The Defendant's failure to include Plaintiff's productivity incentive bonuses in the calculation of his overtime pay was a willful and knowing violation of the FLSA.

39. As a result of the Defendant's willful and knowing failure to properly compensate Plaintiff, Plaintiff has suffered substantial delays in receipt of wages owed and damages.

40. The Defendant's failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

41. Pursuant to 29 U.S.C. §§207, 216, Defendant owes the Plaintiff compensation for his overtime work, an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff seeks judgment against Defendant as follows:

1. That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiff;

2. That the Court issue a declaratory judgment that Defendant's acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

3. That Defendant be enjoined from further violations of the Fair Labor Standards Act;

4. That the Plaintiff recover unpaid overtime wages together with an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b).

5. The Plaintiff Zamora recover his unpaid overtime wages in the amount of $49,291.07 for the periods he worked for the Defendant and was not paid one and one-half times his regular rate of pay.

6. That the Plaintiff recover an award of reasonable attorney's fees, costs, and expenses.

7. Plaintiff further prays for such additional relief as the interests of justice may require.

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,
Jose Zamora
By Counsel

THE HENNESSY LAW FIRM, PLLC

_____/s/_____
Thomas F. Hennessy, Esq. (VSB# 32850)
4015 Chain Bridge Road, Suite G
Fairfax, Virginia 22030
(703) 865-8836
(703) 865-7633 FAX
thennessy@virginiawage.net
*Counsel for Plaintiff*